### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDDIE J. FRANCIS, JR.,** | : | No. 3:04cv2743 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **JOSEPH V. SMITH,** | : | |
| Respondent | : | |

## MEMORANDUM

Before the court for disposition is a petition for a writ of habeas corpus that calls upon us to determine the correct "good conduct time" calculation for Freddie J. Francis, Jr., an inmate of the United States Penitentiary in Lewisburg, Pennsylvania. The defendant is Joseph V. Smith, warden of the prison. The matter has been fully briefed and is ripe for disposition.

**Background**

On March 2, 2000, the United States District Court for the Western District of Louisiana sentenced petitioner to 300 months imprisonment for a conviction of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Res. Ex. 1, ¶ 4. At the time of his sentence, he received credit for 364 days. Accordingly, the full term of his sentence release date is March 20, 2024. Id. When good conduct time ("GCT") is credited to the petitioner's sentence, his release date, as calculated by the Federal Bureau of Prisons ("BOP"), is March 22, 2022. Id.

Petitioner filed the instant petition for a writ of habeas corpus claiming that the Federal Bureau of Prisons ("BOP") is calculating his sentence incorrectly in that they are not providing him with sufficient GCT.

**Jurisdiction**

We have subject matter jurisdiction over the instant habeas corpus petition challenging the calculation of the petitioner's sentence under 28 U.S.C. § 2241. <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir.2001) ("[Section] 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.").

**Discussion**

Petitioner claims that the GCT should be calculated based upon his "term of imprisonment" whereas the BOP actually calculates it based upon "time served." We are compelled to disagree due to binding circuit court of appeals precedent.

The "good-time statute" provides as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. . . .

18 U.S.C. § 3624(b)(1) (footnote omitted).

The BOP has interpreted the good-time statute in a rule as follows: "[p]ursuant to 18 U.S.C. § 3624(b). . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) *for*

*each year served*." 28 C.F.R. § 523.20 (emphasis added).

Petitioner's position is that the phrase "term of imprisonment" as used in section 3624 should not be interpreted to mean "each year served" but rather the actual term of imprisonment imposed. In support of his position the petitioner cites a case from the United States District Court for the Western District of Wisconsin, White v. Scibana, 314 F. Supp. 2d 834 (W.D. Wis. 2004). While this case does support the petitioner's position, it is important to note that the Seventh Circuit Court of Appeals reversed the White decision in White v. Scibana, 390 F.3d 997 (7th Cir. 2005). Even more important to note, is that the Third Circuit Court of Appeals recently addressed the very same issue in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005). In O'Donald, the Third Circuit found that the BOP's policy of applying GCT to time actually served was appropriate. The court explained as follows: "[W]e agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a fair prorating scheme, enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated." Id. at 174 (internal quotation marks omitted). We are bound to follow the precedent of the Third Circuit, therefore, we find no merit to the petitioner's argument. As this is the only issue raised in the petition for a writ of habeas corpus, it shall be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDDIE J. FRANCIS, JR.,** | : | **No. 3:04cv2743** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOSEPH V. SMITH,** | : | |
| **Respondent** | : | |

## ORDER

**AND NOW**, to wit, this 16th day of June 2005, the instant petition for a writ of habeas corpus (Doc. 1) is hereby denied. For the reasons set forth in the attached memorandum as the basis for denying the petition, we decline to issue a certificate of appealability.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**